IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Pantech Corporation, | Civil Action No. 5:25-cv-00090-RWS-JBB |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Shenzhen Tinno Mobile Technology Corp. | |
| Defendant. | |

**TINNO'S UNOPPOSED MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659**

Defendant Shenzhen Tinno Mobile Technology Corp. ("Tinno") respectfully moves under 28 U.S.C. § 1659 for a stay of all proceedings concerning Tinno in the above-captioned case until the determination of the United States International Trade Commission ("ITC") in Investigation 337-TA-1456 becomes final. Plaintiff Pantech Corporation ("Pantech") does not oppose this Motion.

On July 2, 2025, Pantech filed a complaint in the ITC asserting that Tinno, among several other proposed respondents, infringes U.S. Patent Nos. 9,548,839; 11,659,503; 11,051,344; and 12,267,876 (collectively, "the Asserted Patents"). On July 3, 2025, Pantech filed the Complaint in this case against Tinno asserting infringement of the same Asserted Patents. *See* Dkt. 1. The ITC instituted an investigation, Certain Mobile Cellular Communications Devices, Inv. No. 337-TA-1456 ("the '1456 Investigation"), on August 4, 2025, in a Notice of Institution of Investigation that published in the Federal Register on August 7, 2025. 90 Fed. Reg. 38177–78 (Aug. 7, 2025). The Notice of Investigation names, among other parties, Tinno as a respondent in the '1456 Investigation.

Under 28 U.S.C. § 1659(a), district court patent claims that involve the same issues as a parallel ITC proceeding are subject to a mandatory stay:

> a) **Stay**.—In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
>
>    (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
>    (2) 30 days after the district court action is filed,
>
> whichever is later.

*Id*.  This statutory provision "requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

This case satisfies each of Section 1659(a)'s requirements for a mandatory stay.

First, Tinno is "a party to" this civil action and was named as a "respondent" in the '1456 Investigation by the ITC when it issued its Notice of Investigation on August 4, 2025 (which published in the Federal Register on August 7, 2025).  28 U.S.C. § 1659(a); 90 Fed. Reg. 38177–78.

Second, this request is timely because it was filed less than 30 days after the ITC issued its Notice of Institution.  28 U.S.C. § 1659(a); 19 C.F.R. § 210.3.

Third, the claims in this action also involve the "same issues" as in the '1456 Investigation. 28 U.S.C. § 1659 ("at the request of a party … the district court shall stay … proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission").  The Asserted Patents are the same.  *Compare* Dkt. 1 at ¶11 (identifying the patents at issue in this action) *with* 90 Fed. Reg. 38177 (identifying the patents at issue in the ITC investigation).  The ITC Investigation also includes the same parties and same accused products as this case.  *Compare* Dkt. 1 at ¶10 *with* 90 Fed. Reg. 38177–78.  Accordingly, this action and the '1456 Investigation will encompass the same issues related to the Asserted Patents, including infringement, validity, enforceability, and any defenses Tinno may raise.

For the foregoing reasons, Tinno requests that the Court stay this case under 28 U.S.C. § 1659 until the results of the '1456 Investigation become final.

Dated: August 22, 2025

Respectfully submitted,

By: _/s/ Jason Xu_
Jason Xu (DC 980531)
**RIMON P.C.**
1050 Connecticut Ave NW, Suite 500
Washington, D.C. 20036
Jason.xu@rimonlaw.com
(202) 470-2141

*Counsel for Defendant Shenzhen Tinno Mobile Technology Corp.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned hereby certifies that, on August 22, 2025, all counsel of record who have appeared in this case are being served with a copy of the above-referenced document via the Court's CM/ECF system.

*/s/ Cheryl Lovdahl*_____
Cheryl Lovdahl

## **CERTIFICATE OF CONFERENCE**

On August 21, 2025, pursuant to Local Rule CV-7(h), counsel Defendant met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated on August 21, 2025 that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Jason Xu*_____
Jason Xu